■ AIKIDO OF MANHATTAN, Appellant, v 111 WEST 24TH STREET ASSOCIATES, Respondent. [743 NYS2d 28] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 5, 2001, which denied plaintiff tenant's motion for summary judgment and granted defendant landlord's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant acknowledged in the lease that plaintiff's business (martial arts instruction) would produce some "associated noise," and that the tenant would make best efforts to minimize such noise by installing mats and other insulation. In a prior holdover proceeding, the lease was declared void ab initio on the ground that neither party could perform because the wood-joist building structure made it impossible to reduce the excessive noise and vibration emanating from the premises. Civil Court thereupon awarded the landlord possession and advised that the tenant "may commence an action in Sup[reme] C[our]t for damages, if any, arising from the voided lease." Plaintiff followed that advice with the instant proceeding, and moved for summary judgment, arguing that the prior Civil Court judgment precluded the landlord from contesting its liability for the damages plaintiff sustained as a result of the voidance of the lease.

This argument was properly rejected, and the action

dismissed. First of all, the lease provided that the tenant had inspected the premises and taken them "AS IS." Second, there were no allegations that the landlord had misrepresented the suitability of the premises for a martial arts studio. Civil Court's earlier voidance of the lease and award of possession to defendant was based simply on the impossibility of performance; there were no findings of fault or default against either party. The fact that that court had responded to the tenant's request for a hearing on the issue of damages, raised under its counterclaim for constructive eviction, by advising that the award of possession to the landlord was not intended to foreclose such damages, does not qualify as a finding of fault on which to predicate a monetary award. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Lerner, JJ.